IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARK GOTTFRIED and ELIZABETH  )
GOTTFRIED,  )
  )
  Plaintiffs,  )
  )
vs.  )  CIVIL ACTION NO. 05-0446-P-C
  )
OMAHA PROPERTY AND CASUALTY  )
INSURANCE COMPANY AND  )
LEXINGTON INSURANCE COMPANY,  )
  )
  Defendants.  )

ORDER

Plaintiffs initiated this two-count breach of contract action in the Circuit Court of Baldwin County, Alabama, against defendants Omaha Property and Casualty Insurance Company ("Omaha"), and Lexington Insurance Company ("Lexington"), alleging that their home was severely damaged by Hurricane Ivan on September 16, 2004 (doc.1, Ex.A).  On August 1, 2005, defendants removed plaintiffs' Complaint to this federal district court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 4072 of the National Flood Insurance Act ("NFIA") (doc.1).

Currently pending before this court is plaintiffs' Motion For Leave to File First Amend Complaint filed on August 25, 2005 (doc.10).  Plaintiffs seek to amend to demand a jury trial.  Id. Omaha does not oppose plaintiff's request to amend their Complaint to comply with the jurisdictional

requirements of § 4072 and Article VII(R) of the Standard Flood Insurance Policy (doc.12, ¶4).

Lexington objects "to the extent that the amendments could be construed to argue that diversity

jurisdiction does not exist.  Lexington joined in the Notice of Removal and asserted that this Court had

jurisdiction over the claims against Lexington based upon 28 U.S.C. § 1332 because complete

diversity existed and the amount in controversy exceeded $75,000." (doc.14, ¶2).  Both defendants

oppose plaintiffs' jury demand (doc.12, ¶5; 14, ¶3).

On September 27, 2005, plaintiffs' counsel contacted the court by telephone and advised that

they would not be filing a response to defendants' oppositions.

The federal courts have exclusive jurisdiction over claims brought pursuant to § 4072.  Hairston

v. Travelers Casualty & Surety, 232 F.3d 1348, 1352 (11th Cir. 2000).  There is no right to trial by

jury in an action brought under the NFIA.  See Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (The

Seventh Amendment right to a jury trial does not attach in suits involving a claim for United States

Treasury funds through the NFIA); Smith v. National Flood Insurance Program, 796 F.2d 90, 92

(1986); Yonker v. Guifrida, 581 F.Supp. 1243, 1244 (D.C.W.Va. (Mar. 16, 1984)); Kolner v.

Director, Federal Emergency Management Agency, 547 F.Supp. 828, 829 (N.D.Ill. (Sept. 29, 1982)).

Accordingly, plaintiffs' Motion For Leave to File First Amend Complaint (doc.10), is hereby

DENIED without prejudice to any future requests to amend under the Rule 16(b) Scheduling Order to

be imposed by this court.

This court notes that a Preliminary Scheduling Order was previously entered (doc.3).

However, on September 22, 2005, this action was reassigned to this court.

It is this court's long-standing policy and practice to conduct a Rule 16(b) Scheduling

Conference with counsel of record.  This court's next available Rule 16(b) Scheduling Conference docket is November; the Rule 16(b) Scheduling Conference in this action is set to be conducted on November 7, 2005 (doc.15, item E.1).  Therefore, the Preliminary Scheduling Order previously entered (doc.3), is hereby MOOT.

DONE this 28th day of September, 2005.

S/Virgil Pittman
SENIOR UNITED STATES DISTRICT JUDGE